UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOLLI R. THORNE,

    Plaintifff,

v.                              CASE NO. 8:14-CV-827-T-17AEP

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant.

_____/


ORDER

This cause is before the Court on:

Dkt. 3  Motion to Remand
Dkt. 4  Motion for Attorney's Fees
Dkt. 8  Response in Opposition
Dkt. 9  Response in Opposition

Defendant State Farm Mutual Insurance Company removed this case from Hillsborough County Circuit Court, Case No. 08-CA-007591, on April 8, 2014. The basis of jurisdiction is diversity.

I. Background

The Court has taken judicial notice of the docket entries in Case No. 08-CA-007591, Hillsborough County Circuit Court.

Case No. 8:14-CV-827-T-17AEP

A. Case No. 08-CA-007591

Plaintiff Holli Thorne sued Marshall Temples, Patricia Temples and Eric Wiseman for damages caused by a 2004 accident. Prior to trial, Plaintiff and Defendants entered into a high-low agreement in settlement of Plaintiff's claim as to the 2004 accident. Plaintiff Thorne sued Daniel Thomas for damages caused by a 2006 accident, and State Farm Mutual Automobile Insurance Company, Plaintiff's UIM insurer. After the 2006 accident, Plaintiff Thorne underwent three shoulder surgeries, neck surgery and knee surgery. See State Farm Mut. Auto. Ins. Co. v. Thorne, 110 So.3d 66 (Fla. 2d DCA 2013). The case proceeded to a jury trial in Hillsborough County Circuit Court in 2011; a jury verdict was entered on February 7, 2011 in favor of Plaintiff Thorne.

Marshall Temples, Patricia Temples and Eric Wiseman were dropped from the Complaint on April 15, 2011. Government Employees Insurance Company, the insurer of tortfeasor Daniel Thomas, was added as a party for the purpose of entering Final Judgment. A Final Judgment was entered on June 8, 2011. On July 1, 2011, an Amended Final Judgment was entered in favor of Plaintiff Thorne and against State Farm Mutual Automobile Insurance Company in the amount of $25,000.00, to bear interest; against Defendant Daniel Thomas in the amount of $1,561,178.03, to bear interest; and against Defendant Government Employees Insurance Co. in the amount of $381,880.00, to bear interest.

Daniel Thomas and State Farm Mutual Insurance Company appealed the Final Judgment to the Second District Court of Appeal. On April 2, 2013, the mandate of the Second District Court of Appeal was entered, affirming in part, reversing in part, and remanding for a new trial. State Farm Mut. Auto. Ins. Co. v. Thorne, 110 So.3d 66 (Fla. 2d DCA 2013).

Case No. 8:14-CV-827-T-17AEP

On September 4, 2013, the case was set for jury trial on March 17, 2014. On February 24, 2014, Plaintiff Thorne moved to amend the Complaint to add the claim for bad faith; in the Motion, Plaintiff Thorne agreed to abate the bad faith count pending the outcome of the UM claim. On March 18, 2014, the Court entered an Order granting Plaintiff's Motion, providing that the Third Amended Complaint was deemed filed and shall relate back to the filing of the initial Complaint. On March 25, 2014, the parties filed a Joint Stipulation to continue the trial from March 17, 2014 to May 12, 2014. The Joint Stipulation also states:

> 6. The parties agree that the Plaintiff may file an amended complaint to add a bad faith count against State Farm; however, State Farm may file a motion to dismiss the bad faith count and Plaintiff may file a motion to stay the bad faith count. The parties agree that neither the filing of the amended complaint or the motions, or any issue that this case is not at issue will bar or affect the May 12, 2014 trial date.

The Court granted the Joint Stipulation on March 25, 2014. On May 13, 2014 a pretrial conference was conducted. The case went to trial in May, 2014 but was mistried. On June 13, 2014, the Court entered an Order freezing discovery and witnesses, and set non-binding arbitration on June 12, 2014. Plaintiff Thorne moved for a trial de novo on July 2, 2014. The Court set a pretrial conference on April 16, 2015 and a jury trial on April 20, 2015.

Plaintiff's bad faith claim was previously removed on July 1, 2011. Case No. 8:11-CV-1472-T-17EAJ. Defendant State Farm moved to dismiss the Amended Complaint without prejudice (Dkt. 4), to which Plaintiff consented (Dkt. 8).

II. Standard of Review

"Federal courts are courts of limited jurisdiction." U.S. v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005). As a result, the removal statutes are strictly construed.

3

Case No. 8:14-CV-827-T-17AEP

University of South Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). The removing party bears the burden of demonstrating that removal is proper. See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Any doubts about jurisdiction should be resolved in favor of remand. University of South Alabama, 168 F.3d at 411.

In the removal context, where damages are unspecified in the plaintiff's complaint, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). The amount in controversy is assessed at the time of removal. If a district court cannot determine the amount in controversy from the face of the complaint, it should consider the allegations in the notice of removal and any summary judgment type evidence that the amount in controversy exceeds $75,000.00. Leonard v. Enter. Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002).

III. Discussion

A. Motion to Remand

Plaintiff Thorne argues that Defendant State Farm has not established the prerequisites for invoking the Court's subject matter jurisdiction. Plaintiff argues that: 1) removal of a single count for bad faith from the remaining counts violates the procedure for removal of diversity civil actions under 28 U.S.C. Sec. 1446; 2) that removal is premature because the bad faith case has not yet accrued; 3) that removal of an unaccrued statutory bad faith claim wastes the resources of the parties and judicial resources; and 4) State Farm has not met its burden of showing complete diversity.

Case No. 8:14-CV-827-T-17AEP

1. Diversity Jurisdiction

Plaintiff Thorne argues that Defendant State Farm, as a mutual insurance company, is owned by its policy holders, some of which reside in Florida, such that diversity between Plaintiff and Defendant is not complete.

In the Notice of Removal of April 8, 2014, Defendant State Farm alleges complete diversity between Plaintiff Thorne and Defendant State Farm, and that the amount in controversy exceeds $75,000, exclusive of interest and costs.

In the Third Amended Complaint, Plaintiff Thorne alleges Plaintiff Thorne is a resident of Hillsborough County, Florida, and that Defendant State Farm is a corporation authorized to do business in the State of Florida. In the Notice of Removal, Defendant alleges that Defendant State Farm is a mutual insurance company organized under the laws of the State of Illinois and has its principal place of business in Bloomington, Illinois. Defendant State Farm further alleges that under 28 U.S.C. Sec. 1332(c), Defendant State Farm is a resident of the State of Illinois. 28 U.S.C. Sec. 1332(c) (1) provides that "for the purposes of this section and section 1441 of this title:

> (1) a corporation shall be deemed to be a citizen of every State and foreign state where it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance.....

In ruling on a Motion for Remand, the Court should determine its jurisdiction over the case based on Plaintiff's pleadings at the time of removal, as supplemented by any affidavits or deposition transcripts filed by the parties.

Defendant argues that, under Illinois law, a mutual insurer is endowed with the same corporate powers as a stock insurer. 215 Ill. Comp. Stat. 5/441 (2013). Mutual

insurance companies that are incorporated under state law are treated as corporations for diversity purposes. See 16 Couch on Insurance, Sec. 229:22.

In Plaintiff's Complaint, Plaintiff alleges that Defendant is a corporation; Plaintiff cannot now argue that Defendant is an unincorporated association. Although Plaintiff disputes the allegations of Defendant's Notice of Removal, Plaintiff has not filed affidavits or transcripts that show a genuine disputed issue. Under Illinois law, Defendant State Farm is treated as a corporation. The Court notes that in other cases the Court has recognized that State Farm is a citizen of the State of Illinois (Case No. 8:11-CV-1472-T-17EAJ). The Court concludes that Defendant has sufficiently alleged its citizenship in Illinois for the purpose of diversity jurisdiction.

Plaintiff Thorne does not dispute that the amount in controversy exceeds $75,000.00. In Count III of the Third Amended Complaint, Plaintiff seeks a judgment for the total damages suffered by Plaintiff. In the Notice of Removal, Defendant relies on the jury verdict finding Plaintiff's damages included $208,937.05 for past medical expenses, $800,000.00 for future medical expenses, and additional awards for past lost wages, past pain and suffering, and future pain and suffering.

The Final Judgment based on the jury verdict was reversed, and this case was remanded for a new trial. The trial has not yet taken place. The Court does not know the total amount of damages Plaintiff will seek in connection with Plaintiff's bad faith claim. Whatever amount that may be, upon review of the Notice of Removal and the Third Amended Complaint, the Court finds that the Court could reasonably conclude, based on the past medical expenses, the nature of the case, the injury alleged, and the Court's experience, that the amount in controversy exceeds $75,000. Plaintiff's claims for permanent injury, pain and suffering, and past and future economic losses in addition to $208,937.05 in past medical expenses, establish that the amount in controversy exceeds $75,000.

After consideration, the Court finds that Defendant has shown by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied. The Court concludes that Defendant has met its burden to establish diversity jurisdiction.

2. Procedural Defects

a. Violation of 28 U.S.C. Sec. 1446

Plaintiff Thorne argues that 28 U.S.C. Sec. 1446 applies to "civil actions," which refers generally to the entire case. Plaintiff Thorne argues that there is no provision for severance of claims in diversity cases, only for a federal claim after a civil action has been removed on the federal question jurisdiction. Plaintiff relies on Sec. 1441(c), which allows removal of "separate and independent" claims joined with otherwise nonremovable claims only where federal question subject matter jurisdiction is implicated by the separate action.

Defendant responds that this case was removed pursuant to Sec. 1441(a), as an entirely new civil action brought through amendment or through an ancillary proceeding. Defendant relies on Webb v. Zurich Ins. Co., 200 F.3d 759 (11th Cir. 2000) and Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979). Defendant argues that the statutory bad faith claim was asserted by amendment. Defendant argues that it is impossible for a statutory bad faith claim to be part of the same "civil action" as the UM claim whose resolution is an element of the bad faith claim. Defendant State Farm argues that 28 U.S.C. Sec. 1446(a) permits Defendant to remove one civil action without consequence to the other. Defendant relies on Love v. Property & Casualty Co. of Hartford, 2010 WL 2836172 (M.D. Fla. July 16, 2010).

Case No. 8:14-CV-827-T-17AEP

The substantive issues in this case are controlled by Florida law. A bad faith claim is a cause of action that is separate and independent of the underlying UM claim. <u>Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.</u>, 945 So.2d1216, 1235 (Fla. 2006)("A claim arising from bad faith is grounded upon the legal duty to act in good faith, and is thus separate and independent of the claim arising from the contractual obligation of perform."(quoting <u>Blanchard v. State Farm Mut. Auto. Ins. Co.</u>, 575 So.2d 1289, 1291 (Fla. 1991)). Opinions differ as to whether a bad faith claim is separately removable upon service of "the initial pleading setting forth the claim for relief" upon which the bad faith action is based. See <u>Love v. Property & Cas. Ins. Co. of Hartford</u>, 2010 WL 2836172 (M.D. Fla. 2010).

Defendant State Farm has established diversity jurisdiction. As further explained below, the Court finds that Count III of Plaintiff's Third Amended Complaint is properly removed.

b. Premature

Plaintiff Thorne argues that Courts in the Middle District of Florida have granted motions to remand based on the fact that the removal of the bad faith action before the liability of the tortfeasor and the full extent of Plaintiffs damages makes removal premature. <u>Jenkins v. Allstate Ins. Co.</u>, 2008 WL 4934030 (M.D. Fla. Nov. 12, 2008); <u>Rock v. State Farm Mut. Auto. Ins. Co.</u>, 2013 WL 230248 (M.D. Fla. Jan 22, 2013); <u>Curran v. State Farm Mut. Auto. Ins. Co.</u>, 2009 WL 2003157 (M.D. Fla. July 2, 2009).

Defendant responds that the fact that a claim is premature, and may be subject to dismissal, does not establish that the Court does not have jurisdiction. Defendant relies on <u>Bollinger v State Farm Mut. Auto. Ins. Co.</u>, 558 Fed. Appx. 857 (11th Cir. 2013) ("We agree that Bollinger failed to file the statutory cure remedy notice which caused her claim to fail, but we disagree that the issue affected the subject matter jurisdiction of

Case No. 8:14-CV-827-T-17AEP

the district court.).

A bad faith claim based on Sec. 624.155, Fla. Stat., is purely a creature of statute–"Florida does not recognize a common law first-party action for bad faith failure to settle a claim under an insurance contract." Bollinger v. State Farm Mut. Auto Ins. Co., supra (citing Chalfonte Condo. Apartment Assn. v. QBE Ins. Corp., 561 F.3d 1267, 1271 (11th Cir. 2009); Talat Enter., Inc. v. Aetna Cas. & Surety Co., 753 So.2d 1278, 1281 ( Fla. 2000)). The statutory notice to the insurer and the Department of Financial Services is a condition precedent to a bad faith claim, after which the insurer has sixty days to cure the violation of the statute. In Vest v. Travelers Ins. Co., 753 So.2d 1270, 1275 (Fla. 2000), the Florida Supreme Court explained "Second, we expressly state that Blanchard [v. State Farm] is properly read to mean that the "determination of the existence of liability on the part of the uninsured tortfeasor and the extent of the [insured's] damages are elements of a cause of action for bad faith. Once these elements exist, there is no impediment as a matter of law to a recovery for damages for violation of section 624.155(1)(b)(1) dating from the date of a proven violation." (explaining that a bad faith claim can be based on events which pre-date the determination of the existence of liability and the extent of damages). In Vest, the Florida Supreme Court further states: "We continue to hold in accord with Blanchard that bringing a cause of action in court for violation of section 625.155(1)(b)(1) is premature until there is a determination of liability and the extent of damages owed on the first-party insurance contract . This avoids the problem Blanchard dealt with, which was the splitting of causes of action. However, a claim brought prematurely is not subject to a summary judgment. Such a claim should be dismissed as premature."

Ripeness is an aspect of subject matter jurisdiction. However, where a challenge to subject matter jurisdiction implicates the merits of a plaintiff's cause of action, the Court should find that jurisdiction exists and deal with the objection as a direct attack on the merits of a plaintiff's case, proceeding under Rule 12(b)(6) or Rule

Case No. 8:14-CV-827-T-17AEP

56. Williamson v. Tucker, 645 F.2d 404 (5th Cir. 1981), cert. denied, 454 U.S. 897 (1981). In this case, Plaintiff Thorne recognized that the bad faith claim was premature at the time Plaintiff requested that the trial court permit amendment. Defendant had thirty days from the date the trial court granted Plaintiff's motion to amend, March 18, 2014, to remove the bad faith claim.

In Bollinger, the Eleventh Circuit noted that Bollinger, in asserting the statutory bad faith claim in the second amended complaint, did not re-allege or incorporate her breach of contract claim against State Farm, and sought recovery only for extra-contractual damages. In Plaintiff Thorne's Third Amended Complaint realleges and incorporates all allegations in paragraphs 1 through 16, such that Plaintiff Thorne has incorporated the allegations of Count I, Negligence against Daniel J. Thomas, and Count II, Uninsured/Underinsured Motorist, against State Farm. In Count III, Statutory Insurance Bad Faith, Plaintiff Thorne seeks a judgment against Defendant State Farm only. The Parties have continued to pursue Counts I and II in Hillsborough County Circuit Court. Count III is directed only to State Farm, and the statutory bad faith claim cannot proceed until there is a determination of Plaintiff's UIM claim, through litigation or otherwise.

Plaintiff Thorne's incorporation of all prior allegations of the Third Amended Complaint does not change the independent nature of Plaintiff's statutory bad faith claim, destroy diversity jurisdiction, or create doubt as to the Court's jurisdiction. Count III is directed only to Defendant State Farm. Diversity jurisdiction not discretionary. After consideration, the Court finds that Plaintiff's Statutory Bad Faith Insurance Claim in the Third Amended Complaint is subject to removal.

c. Timeliness

The Court has noted that the bad faith claim is independent from Plaintiff's UM

Case No. 8:14-CV-827-T-17AEP

claim. Defendant removed the bad faith claim on April 8, 2014. That is within thirty days of the date the trial court granted Plaintiff's request to amend the Complaint to assert Plaintiff's bad faith claim, and deemed the Third Amended Complaint filed., March 18, 2014.

After consideration, the Court finds that removal is timely.

d. Waste of Resources

Plaintiff Thorne argues that the removal of a premature bad faith claim will result in an enormous waste of judicial energy and inconsistent verdicts.

Defendant State Farm responds that judicial economy considerations do not outweigh a defendant's right to remove a claim to federal court when federal jurisdiction is proper. Defendant further argues that the Court may remand only on grounds recognized by the controlling statute. Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 351 (1976).

The Court agrees that the removal of a premature bad faith claim does engender an enormous waste of judicial resources. However, Plaintiff's concern as to inconsistent verdicts is unfounded. In another case involving a bad faith claim, the Court has determined that the jury verdict as to a plaintiff's damages in the underlying case in State Court is binding.

The trial court acted within its discretion is permitting the amendment of the Complaint to assert the bad faith claim, with the acknowledgment that the bad faith claim in Count III would be abated until a final resolution of Counts I and II. The Court notes that Defendant's Motion to Dismiss (Dkt. 3-7) is pending, and the Motion will be resolved in a separate Order. Accordingly, it is

Case No. 8:14-CV-827-T-17AEP

**ORDERED** that Plaintiff's Motion to Remand (Dkt. 3) is **denied** and Plaintiff's Motion for Attorney's Fees (Dkt. 4) is **denied as moot**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 25th day of February, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record